# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

LAUREN MINNITI, individually and on ) 
behalf of all others similarly situated, )
                                            ) 
               Plaintiff, )      Case No.
                                              ) 
v.                                 )
                                            )    **JURY TRIAL DEMANDED**
TELIGENCE CORPORATION, a Canadian ) 
corporation, TELIGENCE (CANADA) LTD., ) 
a Canadian Corporation, TELIGENCE ) 
HOLDINGS INC., a Nevada corporation, and ) 
TELIGENCE (US), LLC, a Nevada limited ) 
liability company. )
                                            )
              Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff Lauren Minniti ("Plaintiff" or "Minniti") brings this class action complaint against Defendants Teligence Corporation, Teligence (Canada) Ltd., Teligence Holdings Inc., and Teligence (US) LLC (collectively "Defendants" or "Teligence companies"), on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I.  NATURE OF THE ACTION

1.    The Teligence companies are four corporate entities that provide services that purport to help men and women connect for "friendship, dating or fun" via voice, mobile, and web communication. In an effort to market its services, Defendants sent (or directed to be sent on its behalf) unsolicited text messages to the wireless phones of Plaintiff and each of the members of the Class, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.       Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted the Teligence companies to send text messages to their wireless telephones.

3.       By sending such unauthorized text messages, the Teligence companies caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4.       In order to redress these injuries, Plaintiff seeks an injunction requiring the Teligence companies to cease all unsolicited text message activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.       JURISDICTION AND VENUE

5.       This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6.       The Court has personal jurisdiction over Defendants under the Florida Long-Arm Statute, Fla. Stat. § 48.193, because Defendants were engaged in solicitation or service activities within Florida. This court also has personal jurisdiction over the Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the state of Florida. Defendants, by sending mass text messages into the state soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (a) and (b) because a substantial part of the events giving rise to the claim occurred in this district.

## III.    PARTIES

*Plaintiff*

8.      Plaintiff Lauren Minniti is a citizen of the State of Florida.

*Defendants*

9.      Defendant Teligence Corporation is a corporation organized and existing under the laws of the Canada, with its principal place of business in Vancouver, British Columbia. Teligence Corporation is the parent corporation of Teligence (Canada) LTD. and Teligence Holdings Inc.

10.     Defendant Teligence (Canada) LTD. is a corporation organized and existing under the laws of the Canada, with its principal place of business in Vancouver, British Columbia.

11.     Defendant Teligence Holdings Inc. is a corporation organized and existing under the laws of Nevada with its principal place of business in Blaine, Washington. Teligence Holdings Inc. is the parent corporation of Teligence (US), LLC.

12.     Defendant Teligence (US), LLC, is a limited liability company organized and existing under the laws of Nevada with its principal place of business in Blaine, Washington.

## IV.    FACTUAL BACKGROUND

### *Teligence's Business*

13.     Through their different corporate entities, Defendants own and operate a variety of pay-per-call telephone services throughout the United States and Canada. As seen at www.teligence.net, these services include Live Links, Interactive Male, Tango, Vibe Line, and

Fono Chat, and Lavender Line. Each of these services has its own corresponding website. These services allow its users to meet and talk to each other via phone and the Internet.

14.     Defendants provide local numbers for cities throughout North America that consumers can call to utilize its services. To access the local number, The Teligence Companies' websites direct the user to enter their local area code.

15.     For example, entering "954"—an area code for Fort Lauderdale and Broward Counties—on livelinks.com yields two local phone numbers that users can call: 954-880-9555 and 305-503-4188.

### *Spam Texting*

16.     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

17.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

18.     SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

19.     According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from

coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

20.     Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

21.     As part of its advertising campaign, the Teligence companies have sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without consent.

22.     On December 28, 2012, the Teligence companies transmitted the following text message to Plaintiff's wireless phone:

> Hey there call me <u>877-648-1151</u>

23.     The "from" field of such transmission was identified as "faqomuwyxequ@aol.com."

24.     Upon calling the number contained in the text message, the caller is told that he or she has reached Live Links and that the caller must be at least eighteen years old to proceed.

25.     Defendants sent or transmitted, or had sent or transmitted on their behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited November 28, 2012).

[2] *Id.*

26.     On information and belief, Defendants sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

27.     Plaintiff never consented to, requested, or otherwise desired or permitted Defendants to send or transmit text messages to her wireless phone.

## V.     CLASS ALLEGATIONS

28.     Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendants Teligence Corporation, Teligence (Canada) Ltd., Teligence Holdings Inc., or Teligence (US) LLC (the "Class").

Excluded from the Class are Defendants and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

29.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.   On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records.  Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

31.    **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a)    whether Defendants' conduct constitutes a violation of the TCPA;

(b)    whether the equipment Defendants used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and

(c)    whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

32.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

33.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.   The interests of the Class members will be fairly and adequately protected by the Plaintiff and her counsel.

34.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

35.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### VI.     CLAIM ALLEGED

### COUNT I
#### Violation of the TCPA, 47 U.S.C. § 227
#### (On behalf of the Class)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     Defendants and/or their agents sent unsolicited commercial text messages to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

38.      Defendants sent the text messages, or had them sent on their behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

39.     Defendants utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

40.     By sending the unsolicited text messages to Plaintiff and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

41.     Should the Court determine that Defendants' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Lauren Minniti, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Lauren Minniti as the representative of the Class, and appointing her counsel as Class Counsel;

B.     Awarding of actual and statutory damages;

C.     Requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: January 31, 2013

Respectfully submitted,

LAUREN MINNITI, individually
and on behalf of all others similarly situated

by _____ #55706
Edmund A. Normand, Esq.
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Peter K. Carlson
*pcarlson@siprut.com*
**SIPRUT** PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

Edmund Normand
*ednormand@whkpa.com*
**WOOTEN, KIMBROUGH & NORMAND** P.A.
236 S. Lucerne Circle
Orlando, Florida 32801
407.843.7060

4841-8649-0130, v. 4